## Dahms' Estate

Before Lamorelle, P. J., Henderson, Van Dusen, Stearne, Sinkler, and Klein, JJ.

STEARNE, J., May 31, 1935.—The amended petition, under section 25(a) of the Fiduciaries Act of June 7, 1917, P. L. 447, seeks to charge real estate formerly owned by decedent with the payment of a legacy.

The legacy sought to be charged on the real estate is given under the sixth item of the will of decedent, which reads as follows:

"Item 6. I give and bequeath to my wife Henrietta Dahms, out of the income of my upholstering business, conducted at 2021-2023 Fairmount Avenue, in lieu of her dower, the sum of $420.00 annually, to be paid to her at

the rate of $35.00 per month, as an endowment for and during the term of her natural life."

Our record discloses that the real estate in question was subsequently mortgaged by the devisees thereof and has been sold in foreclosure to one of the respondents herein. Petitioner maintains that such sheriff's vendee holds title subject to the lien of the legacy.

We have examined this record with considerable care. The testator died on November 11, 1908. On January 13, 1910, Judge Lamorelle, the auditing judge of the executors' account, awarded to the trustee named in the will "so much of the residue as represents the upholstery business for the purposes of the trust" and the balance of the estate (less designated specific legacies) was awarded equally to the two residuary beneficiaries.

The trustee accepted the trust and for approximately 23 years faithfully paid the petitioner the full amount of her annuity. Apparently the trustee ceased paying the annuity in September, 1931, and has paid nothing on account of it since that date.

At this point it may be noted that the reason for the failure to pay the annuity since September 1931 was due to the alleged impossibility of the trustee further to conduct the business profitably. The annuitant died on January 14, 1934. Her personal representatives were substituted in the record. Consequently the claim for annuity is from September, 1931, to January 14, 1934, with interest. It should also be noted that the present petition was filed July 7, 1933, and issue joined. But a trustee's account was filed (under citation) on May 12, 1933, which was duly audited with an adjudication filed August 31, 1934. Exceptions to this adjudication were dismissed and, subject to a slight modification, the adjudication was confirmed absolutely: Dahms' Estate, 22 D. & C. 369; and no appeal has been filed. Despite this situation, the present petitions and answers have been placed on the argument list for our

disposal. Counsel should have called this situation to the attention of the court and have had the matter referred to the auditing judge.

From the foregoing recital it is obvious that the prayer of the petition must be dismissed. Judge Sinkler, the auditing judge, specifically ruled—and his ruling is unappealed—that the annuity was solely payable "out of the income of the upholstering business". Indeed, the business necessarily must constitute its sole source. This is because of the plain and unequivocal provisions of the will itself. As an additional reason, in 1910, upon the audit of the executors' account, Judge Lamorelle awarded this asset to the trustee for this sole purpose. All other assets were regularly awarded and distributed. Therefore there could be no other source than the business from which to pay the annuity.

It is true that on the audit of his account the trustee was surcharged in the sum of $840, with interest, and that this court subsequently declined to commit the trustee to prison for his inability to comply with the order of the court, and relegated the parties to their civil remedies. This however cannot be construed to enlarge the rights of petitioners. They cannot be afforded a remedy not provided by law, nor within the clear terms of the will of the testator. Any action to recover the arrearages of this annuity, in the circumstances, must be by action at law against the trustee individually.

The petition is dismissed.